**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4449-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MELSI PAJO,

    Defendant-Appellant.

_____

Submitted April 9, 2019 – Decided April 16, 2019

Before Judges Fisher and Suter.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 12-01-0208.

Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth H. Smith, Designated Counsel, on the brief).

Dennis Calo, Acting Bergen County Prosecutor, attorney for respondent (Ian C. Kennedy, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

In this appeal, we review an order denying defendant's post-conviction relief (PCR) petition and, finding no merit in his arguments, we affirm.

In July 2011, defendant had a confrontation with L.G. at a Wallington nightclub. After making threats, defendant left, went home, and returned with a loaded gun. He approached L.G. in a parking lot, purposely and deliberately pointed and fired the gun at L.G., hitting him in the chest. At his plea hearing, defendant acknowledged that he knew it was "highly likely" that his actions would kill L.G. After shooting L.G., defendant fled. He was later apprehended in Florida.

Defendant was indicted and charged with first-degree attempted murder, a number of weapons offenses, and hindering apprehension. Pursuant to a negotiated plea agreement, defendant pleaded guilty in 2013 to first-degree attempted murder and second-degree possession of a weapon for an unlawful purpose; the State agreed to a dismissal of the other charges, the imposition of concurrent terms, and a maximum aggregate prison term of thirteen years subject to an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2. On November 22, 2013, defendant was sentenced to a thirteen-year prison term subject to NERA on the attempted murder conviction and a concurrent five-year prison term on the weapons

2

A-4449-17T1

conviction subject to a three-year period of parole ineligibility under the Graves Act; the rest of the charges were dismissed.

Defendant filed a direct appeal, arguing the sentence was excessive. We found no merit in that argument and affirmed the judgment of conviction. State v. Pajo, No. A-3815-13 (App. Div. July 28, 2014).

On July 10, 2017, defendant filed a pro se PCR petition, arguing his trial attorney was ineffective because the attorney told him that he would only receive a ten-year prison term even though he signed a plea agreement that called for a maximum thirteen-year prison term, which is what he received. After the appointment of PCR counsel, defendant filed a new certification that claimed he was "pressur[ed] . . . to plead guilty," felt "rushed to accept the plea," and, again, that the attorney advised despite the plea offer's written terms, he "would really be getting 10 years subject to NERA."

After hearing argument, and without conducting an evidentiary hearing, the judge denied the PCR petition for the reasons expressed in a written opinion.

Defendant appeals, arguing the PCR judge abused his discretion because:

> I. DEFENDANT [] MADE A SUFFICIENT PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL TO WARRANT AN EVIDENTIARY HEARING.

A-4449-17T1

II.  DEFENDANT[]'S REQUEST FOR A SENTENCING REDUCTION SHOULD NOT BE TIME BARRED BY R. 3:22-4 AS THIS CASE MEETS THE EXCEPTIONS SET FORTH THEREIN.

We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), adding only a few brief comments.

As the PCR judge observed, defendant did not seek a vacation of the judgment of conviction and a trial.  He sought then and seeks now only a reduction in his sentence to that which he claims his attorney promised.  But, as the PCR judge correctly pointed out, when he pleaded guilty, defendant expressed that he: understood the plea agreement he executed; was guilty of the crimes to which he pleaded guilty; was not forced into the plea agreement or in pleading guilty; and no "promises . . . other than what's written on [the] plea forms" were made.  In addition, the following occurred at the plea hearing:

> THE COURT:  Now, you understand that on the first count there's a maximum sentence of twenty [years]. On the second a maximum of ten [years] but is it your understanding that the plea agreement calls for a certain number which is thirteen years, correct?
>
> [DEFENDANT]:  Yes.
>
> THE COURT:  Do you understand mandatory as part of your sentence you will have to do eighty-five percent of your sentence?
>
> [DEFENDANT]:  Yes.

4

THE COURT: Which is eleven years and one month, correct?

[DEFENDANT]: Yes.

THE COURT: That is mandatory and cannot be waived. You do not contest that this is a [Graves] Act offense, meaning that a weapon was used, a firearm, correct?

[DEFENDANT]: Yes.

Defendant also acknowledged his attorney "answered all [his] questions," and, at the time, he was offered an opportunity to consult further, to which he responded his attorney "did a good job."

At sentencing, defense counsel argued for a ten-year term, but the judge imposed the thirteen-year term permitted by the plea agreement.

We agree substantially for the reasons set forth by the PCR judge in his written opinion that defendant failed to present a prima facie case of ineffectiveness. And, when interpreting defendant's PCR petition as a motion for a sentence reduction, we agree with the judge that the application was time-barred.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4449-17T1